Filed 10/19/20  Gomez v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| LOUISE A. GOMEZ, | C091322 |
| Plaintiff and Respondent, | (Super. Ct. No. P1716096) |
| v. | |
| TAMMY J. SMITH, as Trustee, etc., | |
| Defendant and Appellant. | |

In a prior appeal, we affirmed the Shasta County Superior Court's judgment in favor of plaintiff Louise Gomez against defendant Tammy Smith for intentional interference with Gomez's expected inheritance from Frank Gomez's (decedent) estate (judgment).  (See *Gomez v. Smith* (2020) __ Cal.App.5th __ .)  Decedent was Gomez's husband and Smith's father.  The Shasta County Superior Court imposed a constructive trust in favor of Gomez upon Smith's and her brother's share of and rights to decedent's estate, to be held by Gomez until her death in accordance with a draft living trust attached to the judgment as an exhibit (draft living trust).  Following the Shasta County Superior Court's ruling, Gomez filed a verified petition to determine to whom trust property shall

1

pass, enforce the constructive trust, and compel transfer of trust assets (petition) in the Nevada County Superior Court (trial court). Smith filed a verified objection and opposition to the petition; she also requested an evidentiary hearing. The trial court denied the evidentiary hearing request and granted the petition. Smith appeals.

Smith argues the trial court erred in denying her evidentiary hearing request on the issue of a reserve for reasonable trust administration expenses and income tax liabilities. She further argues the trial court's order exceeds the scope of the judgment by failing to include language that Gomez's beneficial interest is limited to a life estate. Gomez argues Smith lacks standing to challenge the trial court's order and her evidentiary hearing request was properly denied.

We find no merit in Smith's arguments and affirm the order. We thus do not reach Gomez's alternative standing argument.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, the trial court, upon Smith's request, appointed Smith as the successor trustee of the Frank and Beverly Gomez 1998 Revocable Trust dated December 16, 1998, as amended (1998 trust). Gomez thereafter filed suit against Smith and her brother in Shasta County Superior Court, resulting in the judgment in Gomez's favor for intentional interference with expected inheritance. The judgment imposes a constructive trust in favor of Gomez upon Smith's and her brother's "share of and rights to the Frank and Beverly Gomez 1998 Revocable Trust dated December 16, 1998, as amended (including those trust assets already received by them, if any), to be held by [Gomez] until her death and pursuant to the terms of the Frank P. Gomez and Louise A. Gomez Living Trust dated August 20, 2016, drafted by Erik Aanestad at the request of Frank P. Gomez (Exhibit 3 herein) as set forth in and in accordance with the Statement of Decision."

2

Gomez attempted to enforce the judgment by gaining access to the trust funds held by a financial institution; the financial institution froze the trust accounts. Gomez then filed the petition in the trial court pursuant to Probate Code[1] sections 850, subdivision (a)(3)(A), and 17200, subdivision (b)(4) and (6). Section 850, subdivision (a)(3)(A), provides an interested person may petition the court for an order "[w]here the trustee is in possession of, or holds title to, real or personal property, and the property, or some interest, is claimed to belong to another." Section 17200, subdivision (b)(4), provides a trustee or beneficiary of a trust may petition the court for purposes of "[a]scertaining beneficiaries and determining to whom property shall pass or be delivered upon final or partial termination of the trust, to the extent the determination is not made by the trust instrument." And, section 17200, subdivision (b)(6), provides a trustee or beneficiary of a trust may petition the court for purposes of instructing the trustee.

Gomez requested an order requiring Smith, as trustee of the 1998 trust, to distribute $12,196.31 to each Kathleen Broderick and Mariann Gundogsu, "beneficiaries of the [t]rust whose interests in the [t]rust . . . have yet to be determined," and the remainder of the trust assets to Gomez or, in the alternative, to provide an undertaking in Gomez's favor pursuant to Code of Civil Procedure section 917.1.

Smith filed a verified objection and opposition to the petition, accompanied by a declaration. In her objection and opposition, Smith principally disputed the scope of the trust assets identified in the petition and asserted that, pursuant to the terms of the draft living trust, Gomez was entitled only to a constructive trust over $35,981.54 held by the financial institution. Smith, however, agreed with Gomez's request to distribute $12,196.31 to each Broderick and Gundogsu.

---

[1]     All further section references are to the Probate Code unless otherwise specified.

At a hearing on the petition, Smith requested an evidentiary hearing. Her counsel argued there were "some factual issues that need to be resolved." Specifically, Smith's counsel said he wanted to call three witnesses: (1) Gomez -- to impeach her prior testimony regarding her understanding of the draft living trust's terms and to ascertain what assets she received upon the decedent's death; (2) Aanestad -- to elicit "how he drafted [the draft living trust], what he was thinking, what his notes were on all of that"; and (3) an unidentified expert witness -- to give an opinion regarding "the nature of the format" of the draft living trust and the terms thereof. The trial court asked Smith "to articulate in writing why you believe an evidentiary hearing is warranted, and the witnesses you intend to call and for what purpose, and give [Gomez] an opportunity to respond."

Smith filed a brief requesting an evidentiary hearing. The brief was not verified or accompanied by a declaration. Smith asserted an evidentiary hearing was necessary regarding the interpretation of the draft living trust and schedules and "the separate property nature of the bulk of the [financial institution] account." Smith further asserted, "[a]t the evidentiary hearing, as a precaution, testimony should be elicited from" her regarding a reasonable reserve for outstanding administrative expenses of the trust, including tax payments, tax preparation expenses, her out-of-pocket trust-related expenses, and her reasonable trustee fees for 2017, 2018, and 2019. She also argued no further bond was necessary because the trust accounts were frozen, thus maintaining the status quo.

Gomez filed a response to Smith's brief requesting an evidentiary hearing. Gomez asserted an evidentiary hearing was unnecessary because the draft living trust was clear and unambiguous. She further argued: "The issue of trust administration is over. Decedent died over three years ago. Such further administration request is simply to delay the inevitable." Gomez also noted there was no stay as to the enforcement of the judgment absent posting of a sufficient bond with the court.

The trial court granted Gomez's petition and denied Smith's request for an evidentiary hearing. The court explained: "Objector Tammy Smith failed to establish that the interpretation of the trust instrument required extrinsic evidence. Thus, the interpretation issue presented only a question of law, and not a question of fact, for the probate court." Smith appeals.

DISCUSSION

I

*Request For An Evidentiary Hearing*

Smith raises two arguments on appeal. First, she asserts the trial court erred in denying her request for an evidentiary hearing regarding the establishment of a reserve for trust administration expenses and income tax liabilities. We find no merit in this argument.

Smith requested an evidentiary hearing pursuant to section 1022, as discussed in *Estate of Lensch* (2009) 177 Cal.App.4th 667. Section 1022 provides that, in a proceeding under the Probate Code, "[a]n affidavit or verified petition shall be received as evidence when offered in an uncontested proceeding." Therefore, when a petition is contested, "affidavits and verified petitions may not be considered as evidence at a contested probate hearing." (*Evangelho v. Presoto* (1998) 67 Cal.App.4th 615, 620.) Courts have interpreted section 1022 to require live testimony whenever an objection is raised to the adjudication of a probate issue by affidavits, declarations, or verified petitions, i.e., where factual conflicts are presented by the parties' evidence. (E.g., *Estate of Bennett* (2008) 163 Cal.App.4th 1303, 1309 ["factual conflicts presented by the parties' competing declarations mandated an evidentiary hearing"]; *Estate of Lensch*, *supra*, 177 Cal.App.4th at pp. 671, 676-677 [where parties' evidence raised a factual conflict as to whether the son or mother died first, the court erred in refusing to hold an evidentiary hearing].)

5

Smith did not raise the reserve argument in her verified objection and opposition to the petition. Thus, she did not contest the petition on that ground. At the hearing on the petition, Smith's counsel further did not request an evidentiary hearing for trust administration reasons. He requested an evidentiary hearing to elicit testimony from Gomez, Aanestad, and an expert witness regarding the terms of the trust and property Gomez had already received. In her brief requesting an evidentiary hearing, which was unverified and unaccompanied by a declaration or affidavit, Smith did not argue an evidentiary hearing was necessary *because* the trust administration concerns raised a factual dispute as to anything stated in Gomez's petition. She instead merely stated that, "[a]t the evidentiary hearing, as a precaution, testimony should be elicited from [her] at the [*sic*] on the issue of a reasonable reserve for outstanding administrative expenses of the trust . . . ." And, "[t]here obviously has to be a reserve to complete the trust administration, pay trustee's fees, outstanding billings, pay taxes and tax preparation, as in any trust." Smith introduced no evidence to support her trust administration argument. (*In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11 ["[i]t is axiomatic that the unsworn statements of counsel are not evidence"].) There was, therefore, no factual conflict in the evidence presented to the trial court necessitating an evidentiary hearing on Smith's proposed reserve.

Smith did not assert in the trial court, as she does on appeal, that she was entitled to an evidentiary hearing on her reserve request under "the mandatory language of Probate Code Section 15684 and Internal Revenue Code Section 3713(b)" or that the "payment of taxes, debts, and legitimate expenses of administration [had a fundamental priority] prior to distribution to the beneficiaries, or in this case, the judgment creditor of a beneficiary . . . ." We thus do not consider the argument. (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1528-1529 [arguments not raised in trial court are

forfeited]; *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685 ["[c]ontentions or theories raised for the first time on appeal are not entitled to consideration"].) We conclude the trial court did not err in denying Smith's request for an evidentiary hearing regarding establishing a reserve.

II

*Challenge To Scope Of Prior Judgment*

We also find no merit in Smith's second argument. Smith argues the trial court's order exceeds the scope of the judgment because it does not limit Gomez's beneficial interest to a life estate. The pertinent portion of the order provides: "IT IS FURTHER ORDERED that, pursuant to the proceedings in Shasta County Superior Court Case No. 186804 and specifically pursuant to the Judgment dated March 1, 2019, to the Statement of Decision dated February 15, 2019, and to the Order re Motion for Order Ascertaining Beneficiaries of Trust; Determining to Whom Trust Property Shall Pass; Enforcing Constructive Trust and Compelling Transfer of Defendants' Interest in Trust to Plaintiff dated June 26, 2019, this Court finds that all beneficial interests of Tammy J. Smith and Richard M. Gomez in the Frank and Beverly Gomez 1998 Revocable Trust dated December 26, 1998, as amended, have been effectively granted to Louise A. Gomez, in trust, and that neither Tammy J. Smith nor Richard M. Gomez have any beneficial interests in such Frank and Beverly Gomez 1998 Revocable Trust dated December 26, 1998, as amended." (Bolding omitted.) The order appropriately provides the beneficial interests granted to Gomez are granted *in trust pursuant to the judgment*. (See *Taylor v. Bunnell* (1926) 77 Cal.App. 525, 533 [beneficiary of a life estate in land held legal title to the remainder in trust for the benefit of the remainderman].) The order is thus consistent with the judgment; the order does not exceed the scope of the judgment.

DISPOSITION

The order is affirmed.  Gomez shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


                                                        /s/
                                                        Robie, J.



We concur:



 /s/
Raye, P. J.



 /s/
Hull, J.


8